# IN THE COURT OF APPEALS OF IOWA

No. 18-1721
Filed January 9, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DANIEL WAYNE OCKENFELS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg (sentencing) and Robert B. Hanson (trial), Judges, and Becky Goettsch (preliminary hearing), District Associate Judge.

Daniel Ockenfels appeals his convictions for disarming a peace officer and assault on a peace officer while using or displaying a dangerous weapon. **AFFIRMED.**

Kevin Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Daniel Ockenfels appeals his convictions after a jury found him guilty on four charges—driving while barred, eluding law enforcement, disarming a police officer, and assault on a police officer while using or displaying a dangerous weapon. The State alleged that Ockenfels fled from a Des Moines police officer after an attempted traffic stop. Ockenfels crashed his car after a high-speed chase. He then took off on foot refusing to comply with the officer's commands to stop. When the officer caught up with Ockenfels, it is alleged Ockenfels punched the officer twice in the face, grabbed a Taser from his holster, and threatened to shoot the officer. Ockenfels raises issues of insufficient evidence and ineffective assistance of trial counsel. We affirm.

We first address Ockenfels's challenge to the sufficiency of the evidence supporting his convictions for disarming a peace officer and assault on a peace officer while using or displaying a dangerous weapon, which we review for correction of errors at law. *See State v. Benson*, 919 N.W.2d 237, 241 (Iowa 2018). In doing so, we view the evidence in the light most favorable to the State and affirm the verdict if substantial evidence supports it. *See id.* Substantial evidence is evidence that could convince a rational factfinder of guilt beyond a reasonable doubt. *See id.*

In reviewing a sufficiency-of-the-evidence claim, we first look to the jury instructions. *See State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006) ("Because Nitcher does not assert the law in the instructions was incorrect, but rather the evidence did not support the jury's finding, we will examine his claims in view of the instructions the district court gave to the jury."). The jury instructions state that

Ockenfels is guilty of disarming a peace officer if he removed or attempted to remove a dangerous weapon from a person he knew was a police officer while the officer was acting under a lawful duty. The instructions further state that Ockenfels is guilty of assault on a peace officer while using or displaying a dangerous weapon if he used or displayed a dangerous weapon while assaulting a person he knew was a police officer. The court also instructed the jury that "[a] tazer is a dangerous weapon."

On appeal, Ockenfels does not challenge the lack of evidence on any specific element of the crimes.[1] Substantial evidence supports the jury's finding that Ockenfels committed the crimes of disarming a peace officer and assault on a peace officer while using or displaying a dangerous weapon. Ockenfels characterizes the evidence of his guilt as "inconsistent," noting discrepancies in the testimony at trial and challenging some inferences he presumes the jury made to find him guilty.[2] But "[i]nherent in our standard of review of jury verdicts in

---

[1] The State asserts Ockenfels failed to preserve error on this claim because he made a general motion for judgment of acquittal rather than identifying specific elements of the State failed to prove. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) ("To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal."). In any event, we choose to resolve Ockenfels's claim on the merits.

[2] An argument that a greater amount of the credible evidence supports one side over the other is typically made to the district court in a motion for new trial asserting the verdict is contrary to the evidence, which the district court considers under a weight-of-the-evidence standard. *See State v. Heard*, 934 N.W.2d 433, 444-45 (Iowa 2019); *see also State v. Reeves*, 670 N.W.2d 199, 202 (discussing the different standards applied to a motion for judgment of acquittal and a motion for new trial and citing 3 Charles A. Wright, *Federal Practice and Procedure* § 553, at 245-48 (2d ed. 1982)). A defendant moving for new trial because the verdict is contrary to the weight of the evidence concedes there is sufficient evidence to sustain the verdict but asks that the verdict be set aside to prevent a miscarriage of justice. *See Reeves*, 650 N.W.2d at 202.

criminal cases is the recognition that the jury [is] free to reject certain evidence and credit other evidence." *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006). Although perhaps another factfinder may have judged the evidence differently, substantial evidence supports the jury's verdicts when viewed in the light most favorable to the State.

We now turn to Ockenfels's claims of ineffective assistance of counsel,[3] which we review de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To succeed, Ockenfels must show his counsel failed to perform an essential duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Unless the defendant proves both elements, the ineffective-assistance claim fails. *See Clay*, 824 N.W.2d at 495. Although we ordinarily preserve ineffective-assistance claims for postconviction-relief proceedings to allow for full development of the record, we will address them on direct appeal when the record is adequate. *See State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017).

Ockenfels first claims his trial counsel was ineffective by failing to move to suppress evidence based on an invalid traffic stop, arguing the officer's stated reason for initiating the stop is false. Even assuming the officer's reason for attempting the stop was unjustified, Ockenfels responded by committing the crime of eluding, which provided an independent ground for his arrest. *See State v. Dawdy*, 533 N.W.2d 551, 555-56 (Iowa 1995) (discussing and approving the new-crime exception to the fruit-of-the-poisonous-tree doctrine outlined in *United States*

---

[3] Our supreme court decided recent amendments to Iowa Code section 814.7 prohibiting consideration of ineffective-assistance-of counsel claims on direct appeal apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

*v. Dawdy*, 46 F.3d 1427, 1430-31 (8th Cir. 1995), *cert. denied*, 516 U.S. 872 (1995)); *see also generally State v. Pranschke*, No. 16-1104, 2017 WL 2461556, at *4-6 (Iowa Ct. App. June 7, 2017) (detailing the evolution of the attenuation doctrine and the new-crime exception in concluding counsel did not breach a duty by failing to move to suppress "evidence" of the defendant's assault on a police officer who entered her home illegally).

Ockenfels also contends trial counsel was ineffective by failing to object to incidents of prosecutorial misconduct[4] when the prosecutor referenced Ockenfels's boxing experience.[5] The first incident occurred during cross-examination, when, the prosecutor asked Ockenfels, "And the little we know about boxing, it's not to help people, is it? . . . It's actually to hurt people; correct?"[6] The questions were in response to Ockenfels's testimony on direct examination when Ockenfels testified that he was an experienced boxer and the injury to the officer's face did not appear to appear to be "from a hit" because he knows "what a hit looks like." Ockenfels also testified that he knows how to hit people, inferring that if he

---

[4] Claims relating to a prosecutor's behavior at trial have historically been often called prosecutorial misconduct. But our supreme court adopted a distinction "between incidences of prosecutorial error and prosecutorial misconduct" and noted "[a] prosecutor who has committed error should not be described as committing misconduct." *State v. Schlitter*, 881 N.W.2d 380, 393–94 (Iowa 2016). We apply the same multi-factor test outlined in *State v. Graves*, 668 N.W.2d 860 (Iowa 2003), either way. *Id.* at 394.

[5] Ockenfels alleges the prosecutor engaged in misconduct by improperly attacking his character by suggesting to the jury that he has a propensity to violence. But because he did not object below, we can only address these claims under an ineffective-assistance rubric. *See State v. Dudley*, 766 N.W.2d 606, 612 (Iowa 2009) (addressing issues not raised in the district court, and therefore not preserved for review, as a claim of ineffective assistance).

[6] Ockenfels responded by stating, "It's not used to hurt people, no, sir," but is for "[s]port."

had punched the officer, the officer would have suffered a greater injury. The second incident occurred during closing argument. The prosecutor stated, "[Ockenfels] likes to box is what he said. That is violent. So when [his counsel] stands up there and says my guy is not—there's no violence in him, take it for what it's worth. I'll let you make that determination."

We do not find counsel was ineffective by failing to object to either incident. Even assuming the prosecutor's questions and remarks were improper, we cannot find they prejudiced Ockenfels when viewed in light of the evidence of Ockenfels's guilt.

We affirm.

**AFFIRMED.**